[L. A. No. 930.   Department Two.—March 21, 1904.]

## SAN DIMAS LAND AND WATER COMPANY, Respondent, v. SAN JOSE LAND AND WATER COMPANY et al., Appellants.

WATER-RIGHTS—INJUNCTION—FORMER ADJUDICATION—FINDINGS SUPPORTED BY EVIDENCE—APPEAL FROM NEW-TRIAL ORDER.—In an action to restrain the defendants from running water across plaintiff's land, based upon a judgment in favor of plaintiff's vendors against one of the defendants, where the pleadings involved the sufficiency of the judgment pleaded, and its effect upon the rights of the defendants, and also involved conflicting appropriations of water, and upon each and all of these the findings were in favor of the plaintiff and against the defendants, and were supported by the evidence, an order denying the defendants' motion for a new trial will be affirmed upon appeal.

ID.—APPROPRIATION—ALLEGED TRESPASS—EFFECT OF FORMER JUDGMENT. —The contention of defendants that the appropriation of plaintiff's vendor was a trespass upon the land of defendants' vendor is not tenable when it is in contravention of the effect of a former judgment between the parties, which was affirmed upon appeal to this court, and also upon appeal to the supreme court of the United States.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, R. Dunnigan, and Anderson & Anderson, for Appellants.

J. S. Chapman, for Respondent.

HENSHAW, J.—This in an appeal from the order, of the court denying defendant's motion for a new trial. The action was for an injunction to restrain the defendants from running water across plaintiff's land, and was based upon a judgment in favor of plaintiff's vendors against the defendant San Jose Land and Water Company. The ownership of plaintiff in two hundred inches of water, measured under a four-inch pressure, is alleged. The pleadings were voluminous; allegations of conspiracy and fraud were made in the answer; questions of the sufficiency of the judgment pleaded by plaintiff and its effect upon the rights of the defendants were presented; conflicting claims of appropriation of the waters were advanced; and upon each and all of these the findings of the court were in favor of the plaintiff.

It would unduly and uselessly prolong this opinion to set forth at length the facts. It would be equally unprofitable to discuss in detail the many findings which are attacked as being wholly unsupported by the evidence or as being contradictory in themselves. This is but a part of a very bitter strife between these parties, engendering litigation which has been carried through this court to final adjudication in the supreme court of the United States. Briefly stated, the plaintiff, through the appropriations of Haynes, Stowell, and the San Jose Ranch Company, claims the right by appropriation to thirty inches of water, continuous flow, under a four-inch pressure, from the supply of the San Dimas Creek. The court finds upon sufficient evidence that the plaintiff was so entitled. Appellant's principal attack is upon the sufficiency of the evidence to support this finding. Defendant's claim to the water is through the alleged statutory appropriation by notice and by work of one T. W. Brooks, to whose rights it claims to have succeeded. The court finds upon sufficient evidence that Brooks's appropriation was not valid, and not superior to the appropriations of Haynes, Stowell, and the San Jose Ranch Company, plaintiff's predecessors in interest. It is urged against the San Jose Ranch Company's appropriation that in making it the ranch company entered as trespasser upon the property of one Heckenlively (to whose title the defendant San Jose Land and Water Company has succeeded) and constructed a forebay and other works for the accumulation and transportation of water in violation of Heckenlively's

rights; that in so doing, being trespassers, their wrongful acts have not ripened into any prescriptive or other right to the waters which they claim. But this contention is wholly disposed of by the case of *San Jose Land and Water Co.* v. *San Jose Ranch Co.,* 129 Cal. 673, appealed from this court to the supreme court of the United States, where the decision of this court is affirmed in 189 U. S. 177.

The order appealed from is affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.